FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
DEC 13 2007
Stephan Harris, Clerk
Cheyenne

Bruce Salzburg
Attorney General

Jay Jerde
Deputy Attorney General

Teresa Nelson
Assistant Attorney General
123 Capitol Building
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542 facsimile
email: jjerde@state.wy.us

Attorneys for Petitioner State of Wyoming

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07CV 319B |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE INTERIOR; THE NATIONAL PARK ) | **PETITION FOR REVIEW OF** |
| SERVICE; DIRK KEMPTHORNE, in his official ) | **FINAL AGENCY ACTION** |
| capacity as Secretary of the Interior; MARY ) | |
| BOMAR, in her official capacity as Director ) | |
| of the National Park Service; and MICHAEL ) | |
| SNYDER, in his official capacity as Intermountain ) | |
| Region Director for the National Park Service, ) | |
| ) | |
| Respondents. ) | |

Petitioner State of Wyoming ("State"), by and through the Wyoming Attorney General's

Office, hereby petitions this Court for review of the final agency action taken by the United

States Department of the Interior, the National Park Service, Secretary of the Interior Dirk

Receipt #CH7203421
Summons: _____ issued
_____ not issued

Kempthorne, National Park Service (NPS) Director Mary Bomar, and NPS Intermountain Region Director Michael Snyder (collectively "Respondents") in promulgating the final rule governing winter use activities in Yellowstone and Grand Teton National Parks and the John D. Rockefeller, Jr., Memorial Parkway (collectively "the Parks"). This final rule was published in the Federal Register on December 13, 2007. *See* 72 Fed. Reg. 70781-70804 (Dec. 13, 2007).

1. In June 2005, the NPS began preparing an environmental impact statement (EIS), a record of decision (ROD), and a final rule to govern winter use activities in the Parks. The NPS released the final EIS on September 24, 2007. The ROD was signed on November 20, 2007. The final rule was published in the Federal Register on December 13, 2007.

2. The Respondents' actions in developing the EIS and the ROD and in adopting the final rule violated numerous federal laws, including, but not limited to: the National Environmental Policy Act (and its implementing regulations), the Administrative Procedure Act, the Yellowstone National Park Act, the National Park Service Organic Act, and the United States Constitution. These violations include, but are not limited to, the following:

    (a) The Respondents violated the NEPA by failing to take a "hard look" at the environmental consequences of:

        (i) allowing a reasonable percentage of snowmobiles to enter Yellowstone National Park ("YNP") each day while accompanied by a non-commercial guide;

        (ii) the management plan for Sylvan Pass;

    (iii) the revised preferred alternative as a whole; and

    (iv) allocating snowmobile entries into YNP on a total entries per season basis rather than a maximum number of entries per day basis.

  (b) The Respondents violated 40 C.F.R. §§ 1501.6 and 1508.5 by not allowing the State, in its role as a cooperating agency in the NEPA process, to meaningfully participate in the development of the revised preferred alternative in the final EIS. Specifically, the Park Service did not confer with, or seek input from, the State when making the decision to decrease the number of daily snowmobile entries into YNP from 720 sleds per day (as required in the preferred alternative in the draft EIS) to 540 sleds per day (as required in the revised preferred alternative in the final EIS);

  (c) The Respondents violated 5 U.S.C. § 553 by not critically reviewing and giving meaningful consideration to all of the comments submitted by the State;

  (d) The Respondents acted arbitrarily and capriciously in violation of 5 U.S.C. § 706(2)(A) by failing to provide a "reasoned analysis" of its change in policy regarding the management plan for Sylvan Pass beginning with the 2008-2009 winter season. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983);

  (e) The Respondents violated 5 U.S.C. § 706(2)(A) by arbitrarily and capriciously reducing the number of daily snowmobile entries into YNP from 720 sleds per day (as required

in the preferred alternative in the draft EIS) to 540 sleds per day (as required in the revised preferred alternative in the final EIS);

(f)     The Respondents acted in excess of statutory authority in violation of 5 U.S.C. § 706(C). Specifically, the Respondents violated the Yellowstone National Park Act, 16 U.S.C. § 21, and the National Park Service Organic Act, 16 U.S.C. §§ 1-4, by arbitrarily limiting the number of daily snowmobiles entries into YNP at a maximum of 540 sleds per day; and

(g)     The Respondents acted in excess of statutory or constitutional right in violation of 5 U.S.C. § 706(2)(B). Specifically, the 100% commercial guide requirement for snowmobiles entering Yellowstone National Park is a *de facto* levy of a tax or an unauthorized fee.

4. This Court has jurisdiction over the claims in this Petition pursuant to 5 U.S.C. §§ 701-706, 28 U.S.C. § 1331, FED. R. APP. P. 15, and U.S.D.C.L.R. 83.7.2.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e). Each of the above-named respondents is either an agency of the United States or an officer or employee of the United States acting in his or her official capacity, and a substantial part of the events giving rise to the claims occurred in this judicial district. Additionally, the State "resides" in this judicial district for purposes of this suit.

6. The adoption of the final rule is final agency action subject to appellate review in this Court. *See* 5 U.S.C. §§ 701-706; *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580

(10th Cir. 1994) (stating that federal district courts in the Tenth Circuit must review agency action as an appellate court).

WHEREFORE, the State respectfully requests that this Court:

1. Declare that the Respondents violated the NEPA, the APA, the Yellowstone National Park Act, the National Park Service Organic Act, and the United States Constitution in developing the EIS and the ROD and in adopting the final rule;

2. Set aside and vacate those portions of the EIS, the ROD, and the final rule which address the daily limits on snowmobiles entering Yellowstone National Park, the commercial guide requirement for Yellowstone National Park, and the management plan for Sylvan Pass;

3. Remand those portions of the EIS, the ROD, and the final rule which address the daily limits on snowmobiles entering Yellowstone National Park, the commercial guide requirement for Yellowstone National Park, and the management plan for Sylvan Pass to the NPS;

4. Order that:

    a. on remand, the NPS shall remedy the foregoing violations of federal law and publish a revised EIS, a revised ROD, and a revised final rule;

    b. the revised final rule shall take effect no later than September 1, 2008; and

      c.    this Court shall retain jurisdiction over this matter during the remand process so that, upon timely application by any of the parties to this action, this Court may review the results of the remand to ensure that the Respondents have remedied the foregoing violations of federal law, or provide other appropriate relief as necessary during the remand process; and

      5.    Grant the State such further and additional relief as the Court may deem just and proper.

Submitted this 13th day of December, 2007.

/s/ Bruce Salzburg
Bruce Salzburg
Attorney General

/s/ Jay Jerde
Jay Jerde
Deputy Attorney General

/s/ Teresa Nelson
Teresa Nelson
Assistant Attorney General
123 Capitol Building
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542 facsimile

Attorneys for the Petitioner State of Wyoming

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of December, 2007, a true and correct copy of the foregoing **PETITION FOR REVIEW OF FINAL AGENCY ACTION** was served upon the following via United States mail, first class, certified, return receipt requested:

United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

National Park Service
1849 C Street, NW
Washington, DC 20240

Honorable Dirk Kempthorne
Secretary
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

Mary Bomar
Director
National Park Service
1849 C Street, NW
Washington, DC 20240

Michael Snyder
Intermountain Region Director
National Park Service
12795 W. Alameda Parkway
P.O. Box 25287
Denver, CO   80225

United States Attorney's Office
Attn:  Civil Process Clerk
P.O. Box 668
Cheyenne, WY 82003-0668

Honorable Michael B. Mukasey
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

_Connie Schepp_
Wyoming Attorney General's Office

7