FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 2 4 2008

Stephan Harris, Clerk
Cheyenne

Bruce Salzburg
Attorney General

Jay Jerde
Deputy Attorney General

Teresa Nelson
Assistant Attorney General
123 Capitol Building
Cheyenne, WY 82002
(307) 777-6946    (307) 777-3542 Facsimile

Attorneys for Petitioner State of Wyoming

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING,                              ) | Consolidated Cases: |
|                                               ) | |
|     Petitioner,           ) | |
|                                               ) | |
|     vs.                   ) | Civil No. 07-CV-319-B |
|                                               ) | |
| UNITED STATES DEPARTMENT OF THE               ) | |
| INTERIOR, et al.,                             ) | |
|                                               ) | |
|     Respondents,          ) | |
|                                               ) | |
| PARK COUNTY COMMISSIONERS, et al.             ) | |
|                                               ) | |
|     Petitioners,          ) | |
|                                               ) | |
|     vs.                   ) | Civil No. 08-CV-004-B |
|                                               ) | |
| UNITED STATES DEPARTMENT OF THE               ) | |
| INTERIOR, et al.,                             ) | |
|                                               ) | |
|     Respondents.          ) | |

## PETITIONER STATE OF WYOMING'S
## MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG

# ORIGINAL

Petitioner, the State of Wyoming ("State"), through undersigned counsel, hereby moves this Court to compel the Federal Respondents to produce a privilege log to identify all of the documents they have withheld from the administrative record in the above-captioned case based upon a claim of the deliberative process privilege.  In support of this Motion, the State alleges and argues as follows:

## Compliance with U.S.D.C.L.R. 7.1(b)(1)(A)

1.       As required by U.S.D.C.L.R. 7.1(b)(1)(A), undersigned counsel has conferred via telephone with counsel for each of the parties of record in the above-captioned case. Petitioner, the Park County Board of County Commissioners ("Park County") and Petitioner-Intervenors, the International Snowmobile Manufacturers' Association, the American Council of Snowmobile Associations, the Blue Ribbon Coalition, Inc., and Terry Manning (collectively "Petitioner-Intervenors"), do not oppose the motion.  The Federal Respondents oppose the relief requested in this Motion.

## Summary of the Argument

2.       The Federal Respondents unilaterally have withheld an unknown number of documents from the administrative record in this case based upon the deliberative process privilege and have not provided a privilege log with respect to the documents being withheld. Without a properly drafted privilege log, this Court and the other parties to the case cannot determine whether the documents in question legitimately fall within the scope of the privilege.

2

**Factual Background**

2.      On April 4, 2008, the Federal Respondents filed a certification and an index for the administrative record in the above-captioned case. (Dkt. Doc.'s 39-1, 39-2). In the certification, a representative for the Federal Respondents stated that "[s]ome documents, which are deliberative materials and/or privileged documents reflecting agency deliberations, have not been included in the administrative record." (Dkt. Doc. 39-1, at 3).

3.      In the index for the administrative record, the Federal Respondents listed and described approximately 35 documents that were not produced in the administrative record because the Federal Respondents have asserted attorney-client privilege and/or attorney work product privilege for each of the documents. (*See* Dkt. Doc. 39-2, at 26, 32, 40, 53, 57, 59, 60, 67, 69, 90, 114, 142, 144, 145, 147, 148). No other documents listed in the index were identified as being withheld on the basis of any other privilege.

4.      In a letter dated April 8, 2008, counsel for the Federal Respondents notified all other counsel of record that the Federal Respondents had withheld an unspecified number of deliberative materials and/or privileged documents from the administrative record. (*See attached* Ex. 1). None of these documents were listed in the index for the administrative record.

5.      In a letter dated April 15, 2008, counsel for the State asked counsel for the Federal Respondents to produce a privilege log for all of the documents being withheld from the administrative record, regardless of the privilege being asserted. (*See attached* Ex. 2).

6.      On April 17, 2008, counsel for the Federal Respondents notified counsel for the State that the Federal Respondents do not believe they are legally required to provide a privilege

3

log for materials excluded from the administrative record as deliberative material. (*See attached* Ex. 3, at 2). The Federal Respondents also produced a separate privilege log for each document identified in the index to the administrative record as being withheld on the basis of the attorney-client and/or attorney work product privileges. (*See attached* Ex. 4).

### Argument

7.     As a matter of law, the Federal Respondents cannot rely on the deliberative process privilege to withhold documents from the administrative record unless they provide a privilege log to show that the privilege applies to each document withheld. The issue of whether the deliberative process privilege legitimately applies to a specific document is primarily a question of fact. *See Chem. Weapons Working Group v. U.S. Envtl. Protection Agency*, 185 F.R.D. 1, 3 (D.D.C. 1999). To establish that the deliberative process privilege applies, the Federal Respondents have the burden of showing that the each document being withheld is both pre-decisional and deliberative. *Ctr. For Biological Diversity v. Norton*, 336 F.Supp.2d 1155, 1159 (D.N.M. 2004). Ultimately, this Court must determine whether the Federal Respondents assertion of the deliberative process privilege is legitimate. *See Chevron USA, Inc. v. United States*, 80 Fed. Cl. 340, 356 (Fed. Cl. 2008).

8.     A properly drafted privilege log provides the most efficient means for the Federal Respondents to meet the burden of proof on the privilege issue.[1] *See accord Horace Mann*

---

[1]  *In camera* review of the documents at issue is the alternative procedure for determining whether the claims of the deliberative process privilege are legitimate. *See Chevron USA, Inc.*, 80 Fed. Cl. at 356.

*Insur. Co. v. Nationwide Mutual Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007)(production of an adequately detailed privilege log is an essential step in meeting the burden of establishing the existence of a privilege). A properly drafted privilege log will make it possible for this Court and the other parties to evaluate whether the Federal Respondents properly have asserted the deliberative process privilege for each of the documents being withheld. *See accord Horace Mann Insur. Co.*, 240 F.R.D. at 47 (explaining the purpose of a privilege log).

9.     In the April 17 letter, the Federal Respondents relied primarily upon *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 372 (D.D.C. 2007) in support of their argument that they are not required to produce the requested privilege log. (*See* Ex. 3, at 2). The Federal Respondents' reliance on *Blue Ocean Institute v. Gutierrez* is misplaced. In *Blue Ocean Institute*, the court held that the federal agency was not required to produce a privilege log for deliberative materials because such materials "should not be in the administrative record in the first place." *Blue Ocean Inst.*, 503 F.Supp.2d at 372 & n.4. This holding is contrary to the established precedent in the Tenth Circuit in two respects.

10.     First, the definition of the administrative record in *Blue Ocean Institute* differs from the definition adopted by the Tenth Circuit. In an administrative record review case in the Tenth Circuit, "[t]he complete administrative record consists of _all_ documents and materials directly or indirectly considered by the agency."[2] *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993)(emphasis added). The fact that a document may be privileged (and therefore

---

[2]   Although worded differently, the requirements for the composition of the administrative record as set forth in U.S.D.C.L.R. 83.7.2(b) are consistent with the definition of "administrative record" in *Bar MK Ranches*.

protected from being produced) does not mean that the document is not a part of the administrative record. As a matter of practice before this Court, privileged documents that properly are a part of the administrative record are not produced with the administrative record, but a privilege log is included with the administrative record to show that the documents exist and to show the factual basis for the privilege being asserted. This practice allows the Court other parties to the case to evaluate whether the asserted privilege legitimately apply to the document in question.

11.     Second, following the rationale of *Blue Ocean Institute v. Gutierrez* effectively would allow the Federal Defendants to unilaterally define the contents of the administrative record without any oversight from this Court. In an administrative record review case in the Tenth Circuit, the "agency may not unilaterally determine what constitutes the [a]dministrative [r]ecord." *Bar MK Ranches*, 994 F.2d at 739. The "no unilateral determination" rule articulated in *Bar MK Ranches* is consistent with the established law regarding the deliberative process privilege. The assertion of the deliberative process privilege is always subject to judicial oversight. *See Marriott Int'l Resorts, L.P., v. United States*, 437 F.3d 1302, 1307 (Fed. 2006).

## Conclusion

12.     In the final analysis, if this Court does not compel the Federal Respondents to produce a privilege log, then this Court and the other parties in this case will have no way of knowing whether or not the deliberative process privilege legitimately protects the documents from being produced. Accordingly, for the foregoing reasons, the State hereby requests that this Court order the Federal Respondents to produce a detailed privilege log for all of the documents

6

being withheld based upon the deliberative process privilege. The contents of the privilege log should satisfy the requirements of FED. R. CIV. P. 26(b)(5). At a minimum, the privilege log should: (a) provide a detailed description of each document to establish the factual basis for claiming that the document is deliberative; and (b) identify the following information for each document: (i) the legal basis for withholding the document; (ii) the date the document was created; (iii) the name and job title of author and/or sender of the document; and (iv) the name and job title of each recipient (if any) of the document.

DATED this 24th day of April, 2008

ATTORNEY FOR PETITIONER STATE OF WYOMING

Jay Jerde
Deputy Attorney General
123 State Capitol
Cheyenne, WY   82002
(307) 777-6946
(307) 777-3542  (facsimile)

7

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the forgoing MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG was placed in the United States Mail, postage prepaid, this 24th day of April, 2008, to the following:

Barry A. Weiner
Luther L. Hajek
Guillermo A. Montero
Assistant Attorney General
U.S. Department of Justice
P O Box 663
Washington, D.C.   20044-0663

Nicholas Vassallo
United States Attorney
District of Wyoming
P O Box 668
Cheyenne, WY   82003

Bryan A. Skoric
James F. Davis
1002 Sheridan Avenue
Cody, WY 82414

Harriet M. Hageman
Hageman& Brighton
222 East 21st Street
Cheyenne, WY

William P. Horn
David E. Lampp
Birch Horton Bittner & Cherot, PC
1155 Connecticut Ave. NW, Suite 1200
Washington, DC 20036

Candis Johnson
Wyoming Attorney General's Office

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

STATE OF WYOMING                     )
                                     )    Consolidated Cases:
     Petitioner,                   )
                                     )
       vs.                        )    Civil No. 07-CV-319-B
                                     )
UNITED STATES DEPARTMENT OF THE      )
INTERIOR, et al.,                    )
                                     )
     Respondents,                  )


PARK COUNTY COMMISSIONERS, et al.    )
                                     )
     Petitioners,                  )
                                     )
       vs.                        )    Civil No. 08-CV-004-B
                                     )
UNITED STATES DEPARTMENT OF THE      )
INTERIOR, et al.,                    )
                                     )
     Respondents.                  )

---

**PETITIONER STATE OF WYOMING'S**
**MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG**

---

# STATE OF WYOMING'S

# EXHIBIT 1



**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-4-12005

*Natural Resources Section*
*P.O. Box 663*
*Washington, DC 20044-0663*

*Telephone (202) 305-0492*
*Facsimile (202) 305-0274*

April 8, 2007

*Via E-mail*

Jay Jerde
Teresa Nelson
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, WY 82002

Bryan A. Skoric
James F. Davis
Park County Attorney's Office
1002 Sheridan Avenue
Cody, WY 82414

Harriet M. Hageman
Hageman & Brighton
222 East 21st Street
Cheyenne, WY 82001

William P. Horn
David E. Lampp
Birch Horton Bittner & Cherot, PC
1155 Connecticut Ave., NW, Suite 1200
Washington, DC 20036

Re:   State of Wyoming v. U.S. Department of the Interior, 07-cv-319 (CAB)
      Park County Commissioner v. U.S. Department of the Interior, 08-cv-004 (CAB)

Dear Counselors:

As indicated in the Certification of the Index for the Administrative Record filed with the Court on April 4 in the above-captioned cases, the Administrative Record does not include certain documents because they are deliberative material and/or privileged documents reflecting agency deliberations. Such documents, which reflect internal, pre-decisional agency deliberations on legal or policy matters, were excluded from the administrative record.

The majority of the deliberative materials are communications between officials at the National Park Service, Department of the Interior, and officials at the Office of Management and Budget, and other Executive Branch officials regarding NPS's winter use plan for Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway ("the Parks"). Among these documents are internal briefings, draft documents, and comments regarding NPS's proposed rule for winter use of the Parks, the record of decision, and the final rule, which issued on December 13, 2007.

Please do not hesitate to contact me at (202) 305-0492 if you have any questions.

Sincerely,

/s/ *Luther L. Hajek*

Luther L. Hajek
Trial Attorney
Department of Justice
Environment and Natural Resources Division

**No. 07-CV-319-B**
**State of Wyoming's**
**Exhibit #1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| STATE OF WYOMING | ) | Consolidated Cases: |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil No. 07-CV-319-B |
| | ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | ) | |
| | ) | |
| Respondents, | ) | |
| | | |
| PARK COUNTY COMMISSIONERS, et al. | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| vs. | ) | Civil No. 08-CV-004-B |
| | ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**PETITIONER STATE OF WYOMING'S**
**MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG**

# STATE OF WYOMING'S

# EXHIBIT 2



# *Office of the Attorney General*

*Governor*
*Dave Freudenthal*

*Attorney General*
*Bruce A. Salzburg*

*Water and Natural Resources Division*
*123 State Capitol*
*Cheyenne, Wyoming  82002*
*(307) 777-6946 Telephone*
*(307) 777-3542 Fax*

*Chief Deputy Attorney General*
*Elizabeth C. Gagen*

*Deputy Attorney General*
*Jay A. Jerde*

April 15, 2008

Luther L. Hajek
U.S. Department of Justice
P.O. Box 663
Washington, D.C.  20044-0663

**Via Electronic Mail**

RE:   *State of Wyoming v. United States Dep't of the Interior, et al.*,  Case No. 07-CV-319-B
Documents withheld from the administrative record

Dear Mr. Hayek:

In a letter dated April 8, 2008, you explained that numerous documents have been withheld from the administrative record in the above-reference case, apparently based upon an assertion of the deliberative process privilege. I hereby request that you provide me with a privilege log of all of the documents that you have withheld from the administrative record, regardless of the privilege being asserted. In this privilege log, please provide a basic description of each document being withheld and identify the following information for each document: (1) the legal basis for withholding the document; (2) the date the document was created; (3) the name and job title of author and/or sender of the document; and (4) the name and job title of each recipient (if any) of the document.

Thank you in advance for your cooperation and timely response to this request. Please give me a call if you have any questions or concerns.

Sincerely,

Jay Jerde
Deputy Attorney General

xc:   counsel of record

No. 07-CV-319-B
State of Wyoming's
**Exhibit #2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STATE OF WYOMING ) | Consolidated Cases: |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil No. 07-CV-319-B |
| ) | |
| UNITED STATES DEPARTMENT OF THE ) | |
| INTERIOR, et al., ) | |
| ) | |
| Respondents, ) | |
| | |
| PARK COUNTY COMMISSIONERS, et al. ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| vs. ) | Civil No. 08-CV-004-B |
| ) | |
| UNITED STATES DEPARTMENT OF THE ) | |
| INTERIOR, et al., ) | |
| ) | |
| Respondents. ) | |

**PETITIONER STATE OF WYOMING'S
MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG**

# STATE OF WYOMING'S

# EXHIBIT 3



**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-4-12005

*Natural Resources Section*
*P.O. Box 663*
*Washington, DC 20044-0663*

*Telephone (202) 305-0492*
*Facsimile (202) 305-0274*

April 17, 2007

*Via E-mail*

Jay Jerde
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, WY 82002

Re:   State of Wyoming v. U.S. Department of the Interior, 07-cv-319 (CAB)
      Park County Commissioner v. U.S. Department of the Interior, 08-cv-004 (CAB)

Dear Mr. Jerde:

        This responds to your April 15, 2008 letter regarding the administrative record in the above-captioned cases. You requested that we provide you with a detailed privilege log of the documents which the government has withheld from the record on the grounds of privilege. In the interest of resolving any disputes between the parties without unnecessary motions practice, we have attached a log providing additional information for those documents. In addition, as I indicated in my letter of April 8, certain documents containing deliberative material were *excluded* from the administrative record and therefore not included on the index. These documents are not part of the administrative record and were appropriately excluded from the administrative record under applicable law.

        As stated in my prior letter, the deliberative materials are comprised of communications between officials at the National Park Service, Department of the Interior, and officials at the Office of Management and Budget ("OMB"), and other Executive Branch officials regarding NPS's winter use plan for Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway ("the Parks"). Among these documents are internal e-mails, memoranda, briefing materials, draft documents, and comments regarding NPS's proposed rule for winter use of the Parks, draft and final environmental impacts statement, the record of decision, and the final rule, which issued on December 13, 2007.

        As the courts have recognized, an agency may omit documents containing the internal deliberations of the agency from the administrative record compiled for purposes of judicial review of agency action under the Administrative Procedure Act. Judicial review of a decision by an administrative agency should be based on the reasons given by the agency and the information considered by the agency in the course of making the decision, not on the agency's internal decisionmaking process. See San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 751 F.2d 1287, 1324 (D.C. Cir. 1984); In re Subpoena Duces Tecum, 156 F.3d 1279, 1279 (D.C. Cir. 1998) ("When a party challenges agency action as arbitrary and capricious the reasonableness of the agency's actions is judged in accordance with its stated reasons. Agency deliberations not part of the record are deemed immaterial.") (quoted with approval in Ridenour v. Kaiser-Hill Co., 397 F.3d 925, 939 (10th Cir. 2005)). Specifically, interagency comments on

No. 07-CV-319-B
State of Wyoming's
**Exhibit #3**

a proposed decision or rule are appropriately excluded from an administrative record. State of New Mexico v. EPA, 114 F.3d 290, 295 (D.C. Cir. 1997) (portions of EPA memorandum regarding meetings with OMB and the Department of Energy were appropriately excluded from the record); cf. National Grain and Feed Ass'n v. OSHA, 866 F.2d 717, 729 (5th Cir. 1989) (OMB comments on a proposed rule were properly excluded from the record).

The types of documents that constitute deliberative materials are internal intra-agency and interagency e-mails, memoranda, drafts, and other documents containing internal deliberations. See, e.g., Tafas v. Dudas, 530 F. Supp. 2d 786, 796-97 (E.D. Va. 2008) (finding that intra-agency e-mail, correspondence, summaries, and drafts reflecting initial formulations of a rule or internal struggles were properly excluded from the record as deliberative material); Blue Ocean Inst. v. Gutierrez, 503 F. Supp. 2d 366, 368, 372 (D.D.C. 2007) (holding that internal "reports, minutes, meeting notes, emails, and records of telephone conversations" reflecting internal deliberations were appropriately excluded from the record).

Moreover, the government is under no duty to provide a log or index of material that has been excluded from an administrative record on the basis that it is deliberative. See Tafas, 530 F. Supp. 2d at 801-02; Blue Ocean, 503 F. Supp. 2d at 372; Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior, 143 F. Supp. 2d 7, 13 (D.D.C. 2001). The government is not required to catalog all potential deliberative material that could have been included in the administrative record and claim the deliberative process privilege for each of those documents. "Creating such a new burden on the agency, the parties and the court by forcing production of even a limited number of interagency deliberative documents requires a clear command from the court of appeals, particularly in light of the unequivocal statement by the court [of appeals] that such materials are not a part of the administrative record when an agency decision is challenged as arbitrary and capricious." Blue Ocean, 503 F. Supp. 2d at 372.

Accordingly, the Federal Defendants believe that it should not be necessary to provide the Petitioners with a log of the materials excluded from the record as deliberative material. If you disagree or have any further questions regarding this or any other issues, please do not hesitate to contact me.

Sincerely,

/s/ *Luther L. Hajek*

Luther L. Hajek
Trial Attorney
Department of Justice
Environment and Natural Resources Division

Enclosure

c: Teresa Nelson (Wyoming Attorney General's Office)
   Bryan A. Skoric (Park County Attorney's Office)
   James F. Davis (Park County Attorney's Office
   Harriet M. Hageman (Hageman & Brighton)
   William P. Horn (Birch Horton Bittner & Cherot, PC)
   David E. Lampp (Birch Horton Bittner & Cherto, PC)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STATE OF WYOMING | ) |
| | ) Consolidated Cases: |
|     Petitioner, | ) |
| | ) |
|       vs. | ) Civil No. 07-CV-319-B |
| | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | ) |
| | ) |
|     Respondents, | ) |
| | |
| PARK COUNTY COMMISSIONERS, et al. | ) |
| | ) |
|     Petitioners, | ) |
| | ) |
|       vs. | ) Civil No. 08-CV-004-B |
| | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | ) |
| | ) |
|     Respondents. | ) |

**PETITIONER STATE OF WYOMING'S
MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG**

# STATE OF WYOMING'S

# EXHIBIT 4

**Administrative Record - Attorney Client Privilege and Attorney Work Product Privilege Log**

Yellowstone-Grand Teton National Parks, 2007 Winter Use Plans EIS / Rule

| Bates Numbers* | Description | Date | Type of Privilege** | Divider & Folder Labels (from Administrative Record Index) |
|---|---|---|---|---|
| 113284 | Briefing paper on new long-term winter use plan prepared by Kevin Schneider, Outdoor Recreation Planner, John Sacklin, Management Assistant, Yellowstone National Park and Gary Pollock, Management Assistant, Grand Teton National Park for Attorney Jason Waanders and Attorney Barry Roth, both of Solicitors Office, and Attorney Lauren Fischer, Department of Justice. | 1/14/2005 | AWP AC | BRIEFINGS: Yellowstone and Grand Teton National Parks Long-Term Winter Use Planning; WORK PRODUCT; 1/14/05 |
| 113293 | Briefing paper on new long-term winter use plan prepared by Kevin Schneider, John Sacklin, and Gary Pollock, for Attorney Jason Waanders, Attorney Barry Roth, and Attorney Lauren Fischer. | 3/10/2005 | AWP AC | BRIEFINGS: A/C; WORK PRODUCT; YELL & GRTE Long-Term winter use planning; 3/10/05 |
| 113340-113342 | Briefing paper on new long-term winter use plan prepared by Kevin Schneider, John Sacklin, and Gary Pollock, for Attorney Jason Waanders, Attorney Barry Roth, and Attorney Lauren Fischer. | 8/19/2005 | AWP AC | BRIEFINGS: A/C; WORK PRODUCT; Briefing Statement; 8/19/05 |
| 113772-113782 | Four e-mails between Attorney Barry Roth & John Sacklin, Judy Jennings (Chief, Business Management, Yellowstone National Park) and John Sacklin, John Sacklin and Attorney Debra Hecox, and NPS Intermountain Regional Director Mike Snyder and John Sacklin regarding draft legislative language to continue rules from temporary EA for future winters; e-mails were copied to NPS personnel in Yellowstone, Grand Teton, Denver, and Washington. | 3/6/2006-3/10/06 | AC | BUDGET & FUNDING: A/C; Draft legislative proposal; E-mails from J Jennings/J Sacklin/B Roth/D Hecox/T Williamson/M Snyder; 3/6-3/8/06; 3/8/06 |
| 114419-114428 | E-mail from Attorney Jason Waanders to John Sacklin transmitting 11/22/05 draft of Cooperating Agency Memorandum of Understanding, which was attached and included attorney comments on the draft. | 11/22/2005 | AC AWP | COOPERATING AGENCIES: A/C; Draft Cooperating Agency MOU; 11/22/05 |

No. 07-CV-319-B
State of Wyoming's
**Exhibit #4**

| Bates Numbers* | Description | Date | Type of Privilege** | Divider & Folder Labels (from Administrative Record Index) |
|---|---|---|---|---|
| 116606-116607 | Briefing paper on new long-term winter use plan & purpose and need for that plan, prepared by Kevin Schneider, John Sacklin, and Gary Pollock, for Attorney Jason Waanders, Attorney Barry Roth, and Attorney Lauren Fischer. | 1/14/2005 | AC AWP | DRAFT EIS: A/C W/P; Draft Purpose and Need; 1/14/05 |
| 116608-116611 | E-mail from Kevin Schneider to John Sacklin transmitting document containing updated purpose and need for upcoming EIS; attached is a briefing paper on new long-term winter use plan prepared by Schneider, John Sacklin, and Gary Pollock, for Attorney Jason Waanders, Attorney Barry Roth, and Attorney Lauren Fischer. | 3/10/2005 | AC AWP | DRAFT EIS: A/C-W/P; Draft Purpose and Need and Long-Term Planning; 3/10/05 |
| 116880-116882 | E-mail from Yellowstone Outdoor Recreation Planner Mike Yochim to Attorney Lauren Fischer Review discussing timeline of past winter use events for inclusion in draft EIS. | 10/31/2006 | AC AWP | DRAFT EIS: A/C (116880-882); J Sacklin to J Waanders/L Fischer/L Domler re: update on DEIS and date for further review; M Yochim to L Fischer follow-up E-mail; 10/31/06 |
| 117105-117106 | E-mail from John Sacklin to Attorney Lauren Fischer and Attorney Jason Waanders regarding review of internal review draft of Final EIS and status of current planning; copied to Attorney Keith Saxe, Department of Justice, Gary Pollock, and Yellowstone Superintendent Suzanne Lewis. | 6/14/2007 | AC AWP | FINAL EIS: A/C; J Sacklin/L Fischer/K Saxe re: Internal Review of Final EIS - winter use planning; 6/6 - 6/14/07; 6/14/07 |
| 117156 | E-mail from Attorney Barry Weiner, Department of Justice to Yellowstone Outdoor Recreation Planner Denice Swanke and Attorney Luke Hajek, Department of Justice, regarding Distribution of Draft ROD and request for final EIS; copied to Attorney Jason Waanders. | 10/19/2007 | AC AWP | FINAL EIS: A/C (partial); "Dear Interested Party" letter (9/21/07) re: FEIS is available/enclosed; E-mail/postal mail requests for FEIS; 117156 is A/C; list of people to whom FEIS was sent; 9/21/07 |
| 117172-117174 | E-mail string to and from Kevin Schneider and Mike Yochim to Attorney Jason Waanders with Attorney Lauren Fischer copied regarding possible FOIA request from Greater Yellowstone Coalition. | 8/15/2005 | AC AWP | FOIA: A/C - W/P; K Schneider/J Waanders/M Yochim re: possible GYC FOIA for monitoring reports; 8/15/05 |

| Bates Numbers* | Description | Date | Type of Privilege** | Divider & Folder Labels (from Administrative Record Index) |
|---|---|---|---|---|
| 117726-117727 | E-mail from Matt Sanders. Department of Justice forwarded by Attorney Lauren Fischer to John Sacklin and Kevin Schneider summarizing oral arguments before the Panel on Multi-District Litigation. | 5/26/2005 | AC AWP | LEGAL PROCEEDINGS: A/C: M Sanders re: Multidistrict Litigation (MDL) argument, summary of hearing; 5/26/05 |
| 117823-117824 | Two e-mails from Debbie VandePolder, Planning Assistant, Yellowstone National Park to Attorney Lauren Fischer (with her response) regarding request for current Fund for Animals address for mailing list. | 10/25/2006 | AC AWP | LEGAL PROCEEDINGS: A/C: L Fischer/H Crystal re: address for Fund for Animals contact; 10/25/06 |
| 117830-117831 | E-mail string between John Sacklin and Attorney Jason Waanders requesting copies of certain court proceedings. | 12/18/2006-12/20/2006 | AC | LEGAL PROCEEDINGS: some A/C (117830 - 117831); Information provided to Harry Humbert, Office of the Inspector General, DOI (contains list of many court actions on winter use, 5/97 - 9/06) (A/C: includes E-mails with Attorney Jason Waanders); 12/6/06-1/15/07; 1/15/07 |
| 117832-117833 | E-mail from Attorney Lauren Fischer to J. Sacklin, G. Pollock, and J. Waanders transmitting her E-mail conversation with Jennifer Golden of Richard Law Firm on resolving Flagg Ranch complaint out of court. | 2/22/2007-4/11/2007 | AC AWP | LEGAL PROCEEDINGS: A/C; Proposed amended complaint by Flagg Ranch; E-mails from L Fischer and J Golden; 2/22 - 4/11/07; 4/11/07 |
| 119892-119894 | Withdrawn from record; contained on-going criminal investigation information. | 5/3/2006 | | OPERATIONS & WORKING DOCS: W/P; E-mails re: case involving unguided snowmobiling violation and citations; 4/23/06 - 5/3/06; 5/3/06 |
| 120078-120080 | E-mail from J. Sacklin to Attorney Barry Roth and Attorney Jason Waanders discussing upcoming key dates to complete Final EIS and rulemaking; copied to Mike Yochim, D. Swanke, and D. Vandepolder. | 3/28/2007 | AC | OPERATIONS & WORKING DOCS: A/C; J Sacklin to B Roth/J Waanders re: schedule for EIS and Rulemaking; 3/28/07 |

| Bates Numbers* | Description | Date | Type of Privilege*** | Divider & Folder Labels (from Administrative Record Index) |
|---|---|---|---|---|
| 120621-120623 | Memorandum from Dept. of Interior Attorney-Advisor Cindy Cafaro to Alexandra Mallus, Dept. of Interior FOIA Office (through Dept. of Interior Acting Assistant Solicitor Robin Friedman) regarding "Handling FOIA Requests for the Personal Information of Commenters"– guidance on releasing personal information of commenters on EISs/EAs to FOIA requests. | 5/25/2006 | AC | POLICY GUIDANCE: A/C (partial); "Handling FOIA Requests for the Personal Information of Commenters' Office of the Solicitor, 5/25/06 (A/C 12062)-120623); 1. DOI rules direct release of commenter names under FOIA (3/6 – 4/13/06) incl related news |
| 120626-120632 | E-mail from Attorney Debra Hecox to NPS Intermountain Region Concessions Specialist Jacque Lavelle and NPS Intermountain Region Environmental Quality Coordinator Chris Turk, and forwarded by Chris Turk to all Intermountain NPS personnel dealing with NEPA & park planning, providing detailed information on materials to be included in administrative records, including an attached Memorandum from Dept. of Interior Deputy Solicitor David Bernhardt to Assistant Secretaries and Directors of Bureaus and Offices (dated June 27, 2006) on Standardized Guidance on Compiling a Decision File and an Administrative Record. | 6/27/2006-7/06/2006 | AC | POLICY GUIDANCE: A/C; Guidance on Compiling a Decision File and Administrative Record, from Solicitor's Office; 6/27/06 |
| 121307-121308 | E-mail from M. Yochim to Attorney Jason Waanders and Gary Pollock transmitting draft table summarizing NPS response to public comments on DEIS. Attachment (with draft table) not included in file because it is included in final form elsewhere in administrative record. | 8/31/2007 | AC | PUBLIC COMMENT: A/C; M Yochim/J Waanders re: draft response to comments document; 8/31/07 |
| 121458 | Briefing about winter use planning prepared by Kevin Schneider and John Sacklin for Attorney Jason Waanders, Attorney Barry Roth, and Attorney Lauren Fischer. | 1/14/2005 | AC AWP | PUBLIC INVOLVEMENT: A/C (as marked; 121458 only); itineraries for winter briefings in Washington, DC, Feb 1-4; 1/28/05 |
| 123260-123262 | E-mail from Gary Pollock to Jerry Case transmitting proposed rule with Attorney Barry Roth's comments and Gary Pollock's responses to those comments; copied to John Sacklin. | 3/27/2007 | AC | RULES: PROPOSED RULE: A/C; Proposed rule draft with B Roth's edits; G Pollock E-mail to J Case/J Sacklin; 3/27/07 |

| Bates Numbers* | Description | Date | Type of Privilege*** | Divider & Folder Labels (from Administrative Record Index) |
|---|---|---|---|---|
| 125939-125943 | Two e-mails between John Sacklin, Attorney Jason Waanders, and Attorney Lauren Fischer regarding studies on bison and attaching an 11/07/2006 e-mail from Chief of the Yellowstone Center for Resources Branch of Natural Resources Glenn E. Plumb regarding NPS implementation of bison studies. | 11/07/2006-11/28/2006 | AC AWP | WILDLIFE: BISON: some A/C (125939 -125943); G Plumb/D Swanke re: need for developing detailed experimental design on the bison/groomed road issue (Gibbon Canyon); J Sacklin/L Fischer E-mails re: Winter Use Mgt Experiment; A/C; 11/7/06 - 11/28/06. |
| 126295-126297 | E-mail chain between Attorney Luke Hajek, Attorney Barry Weiner, Attorney Jason Waanders, and Denice Swanke regarding comments on draft Record of Decision, along with 10/18/07 ROD and comments therein. | 10/25/2007 | AC AWP | RECORD OF DECISION: A/C; W/P: E-mails B Weiner/L Hajek/J Waanders/D Swanke re: draft ROD; 10/25/07 |
| 126305-126308 | E-mail from John Sacklin to Attorney Jason Waanders responding to his e-mail transmitting memorandum regarding snowmobile daily entry limits. | 10/29/2007 | AC AWP | RECORD OF DECISION: A/C; W/P: J Sacklin/J Waanders E-mails re: Talking Points on OMB issues; 10/29/07 |
| 126369 | E-mail from Attorney Luke Hajek to John Sacklin, NPS Intermountain Regional Director Mike Snyder, Suzanne Lewis, and Grand Teton National Park Superintendent Mary Gibson Scott regarding revised ROD and question about forthcoming winter; copied to Mike Yochim, Denice Swanke, Gary Pollock, Attorney Jason Waanders, and Attorney Barry Weiner. | 11/2/2007 | AC AWP | RECORD OF DECISION: A/C; Luke Hajek comments on ROD; L Hajek/J Sacklin E-mails; 11/2/07 |
| 126442-126445 | E-mail from Attorney Jason Waanders to John Sacklin, Gary Pollock, and Denice Swanke regarding Attorney Barry Roth's comments on Nov. 20 version of ROD; with that document attached. | 11/20/2007 | AC AWP | RECORD OF DECISION: A/C: J Waanders/J Sacklin E-mails re: 11/20/07 version of ROD with B Roth's comments, incl. attached new draft; 11/20/07 |
| 126511-126513 | E-mail dated 9/26/07 from Gary Pollock to Jerry Case regarding Attorney Jason Waanders' 9/25/07 e-mail with comments on the Sept. 23, 2007 version of the Final Rule, with copies to John Sacklin and Attorney Jason Waanders and the Sept. 23 rule document attached. | 9/25 - 9/26/2007 | AC | RULES: FINAL FULE: A/C; Draft of final rule with J Waanders edits (with G Pollock response); 9/26/07 |

| Bates Numbers* | Description | Date | Type of Privilege*** | Divider & Folder Labels (from Administrative Record Index) |
|---|---|---|---|---|
| 126522-126529 | E-mail from Gary Pollock to Jerry Case (copy to John Sacklin) responding to e-mail (both e-mails dated 10/1/07) from Attorney Jason Waanders regarding comments from Attorney Jason Waanders, Attorney Molly Ross, and Attorney Barry Roth on Sept. 23 draft of final rule; includes Pollock's & Sacklin's responses to their comments and the Sept. 23 draft rule document. | 10/1/2007 | AC | RULES: FINAL RULE: A/C; B Roth/J Waanders comments on 9/21/07 draft of final rule; incl. Pollock/Sacklin comments; G Pollock/J Waanders E-mails; 10/1/07 |
| 126535 | E-mail from NPS Deputy Director Sue Masica to Attorney Barry Roth regarding surnaming of Final Rule. | 10/4/2007 | AC | RULES: FINAL RULE: A/C; Conditional surnaming of final rule; S Masica/B Roth E-mails; 10/4/07 |
| 126572-126575 | E-mail from Gary Pollock to Attorney Jason Waanders regarding inclusion of language in Final Rule explaining unacceptable impacts; copied to Jerry Case, John Sacklin, and Chick Fagan (Deputy Chief, Office of Policy, NPS) and included attachments of draft language for final rule and paragraph explaining background on unacceptable impacts. | 10/30/2007 | AC | RULES: FINAL RULE: partial A/C (126572 - 126575); E-mails C Fagan/G Pollock/J Waanders and others re: OMB review and rule language re: unacceptable impacts; 10/26 - 10/30/07: 10/30/07 |
| 126615-126617 | Two e-mails from Attorney Barry Roth or Attorney Jason Waanders to Jerry Case (both copied to John Sacklin) transmitting Roth's comments on draft final rule text (Sacklin forwarded both e-mails to Gary Pollock). Copy of 11/26/07 rule with Roth's comments included. | 11/23 - 11/26/2007 | AC AWP | RULES: FINAL RULE: A/C; J Waanders/B Roth E-mails re: draft final rule, incl. attached draft; 11/26/07 |
| 126618-126619 | E-mail from Jerry Case to John Sacklin and Gary Pollock transmitting 11/27/07 version of final rule incorporating comments from Attorney Barry Roth; includes that version of the final rule. | 11/27/2007 | AC AWP | RULES: FINAL RULE: A/C; J Case/J Sacklin E-mail re: Final Rule with B Roth's edits, incl. attached draft/master copy; 11/27/07 |
| 126641-126642 | E-mail from Gary Pollock transmitting most recent version of final rule to John Sacklin, Attorney Jason Waanders, Jennifer Lee, Special Assistant to the Director, NPS, and Jerry Case. | 12/5/2007 | AC | RULES: FINAL RULE: A/C; G Pollock to J Sacklin/J Waanders and others re: edits to rule addressing OMB comments, incl. attached version of rule; 12/5/07 |
| 126643-126644 | Fax from John Strylowski (Senior Regulatory Analyst, DOI) to John Sacklin and Gary Pollock transmitting paragraph from Attorney Barry Weiner to add to final rule. | 12/6/2007 | AC AWP | RULES: FINAL RULE: A/C; W/P; Proposed language from DOI on rule; fax from J Strylowski; 12/6/07 |

* If a given folder included some privileged documents and some non-privileged ones, Bates Numbers are given only for the pages that were withheld as privileged.

** AC = Attorney-client privilege: all documents so designated are confidential communications with Dept. of the Interior and/or Dept. of Justice attorneys for the purpose of seeking or giving legal advice.

AWP = Attorney work product: all documents so designated are documents that were prepared by or for Dept. of the Interior and/or Dept. of Justice attorneys in anticipation of litigation.