Bruce Salzburg
Attorney General

Jay Jerde
Deputy Attorney General

Teresa Nelson
Assistant Attorney General
123 Capitol Building
Cheyenne, WY  82002
(307) 777-6946
(307) 777-3542 Facsimile
e-mail: jjerde@state.wy.us

Attorneys for Petitioner State of Wyoming

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING | ) | |
| | ) | Consolidated Cases: |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil No. 07-CV-319-B |
| | ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al | ) ) | |
| | ) | |
| Respondents, | ) | |
| | | |
| PARK COUNTY COMMISSIONER, et al | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| vs. | ) | Civil No. 08-CV-004-B |
| | ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al | ) ) | |
| | ) | |
| Respondents. | ) | |

### PETITIONER STATE OF WYOMING'S REPLY
### TO FEDERAL RESPONDENTS' RESPONSE TO THE STATE'S
### MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG

As a threshold matter, State of Wyoming ("State") acknowledges that, when the deliberative process privilege legitimately protects specific documents, the documents are not subject to disclosure unless the need for the documents and for accurate fact finding outweighs the interests in non-disclosure of the deliberative materials. In the Motion to Compel Production of Privilege Log, the State does not seek production of documents that legitimately are protected by the deliberative process privilege. Instead, the State seeks to have the Federal Respondents produce a properly drafted privilege log so that this Court, the State, and the other parties in this case can evaluate whether the documents being withheld legitimately fall within the scope of the deliberative process privilege.

In their Response, the Federal Respondents explain that the documents they have unilaterally withheld from the administrative record "are internal memoranda, drafts, emails, and meeting summaries" which memorialize communications between numerous federal agencies and officials regarding the final winter use rule at issue in this case. (Fed. Resp., at 1). They characterize these documents as "deliberative materials" and contend that they can exclude the documents from the administrative record without asserting the deliberative process privilege and without producing a privilege log to describe the documents and the factual basis for withholding them. (Fed. Resp., at 1).

The Federal Respondents offer three arguments to explain why they do not have to produce a privilege log to describe the documents being withheld. First, they cite Tafas v. Dudas, 530 F.Supp.2d 786, 796-797 (E.D. Va. 2008), and Blue Ocean Inst. v. Guitierrez, 503 F.Supp.2d 366, 368 (D.D.C. 2007), for the proposition that a federal agency is not required to produce a privilege log for deliberative materials that have been unilaterally withheld from the administrative record. (Fed. Resp., at 5). The Federal Respondents do not cite any case from the Tenth Circuit Court of Appeals or any federal district court sitting in the Tenth Circuit which has adopted the reasoning from Blue Ocean with respect to the privilege log issue. They also offer no policy reasons why this Court should adopt the Blue Ocean reasoning, but instead merely assert that their decision not to produce a privilege log for the unilaterally withheld documents "is consistent with the most relevant case law applicable to the compilation of the administrative

1

record in APA cases." (Fed. Resp., at 7). In short, the Federal Respondents have given this Court no reason, let alone a compelling reason, to adopt the reasoning of the court in <u>Blue Ocean</u> on the privilege log issue.

Viewed objectively, the reasoning of the court in <u>Blue Ocean</u> with respect to the privilege log issue is inconsistent with the requirements for judicial review under the APA. In an administrative record review case, the APA dictates that the review court "shall review the <u>*whole record*</u> or those parts of it cited by a party[.]" 5 U.S.C. § 706 (emphasis added). The "whole record" means "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). In this case, if some or all of the documents being unilaterally withheld are not legitimately protected by the deliberative process privilege, then this Court does not have the "whole record" before it. Therefore, this Court, the State, and the other parties in this case need some means for determining whether the documents being withheld are, in fact, deliberative documents. Requiring the Federal Respondents to assert the deliberative process privilege and to produce a properly drafted privilege log represents the most efficient means of determining whether the documents are being legitimately withheld and thereby ensuring that the "whole record" has been filed with this Court.

The decision of the court in <u>Blue Ocean</u> on the privilege log issue also reflects bad policy. Allowing a federal agency to withhold documents without asserting the deliberative process privilege and without subjecting the basis for withholding the documents to any type of judicial oversight creates a situation ripe for abuse. The federal agency will be free to withhold documents from the administrative record without disclosing that the documents even exist, thereby creating the possibility that documents that should be disclosed will not be. The federal agency also will not be accountable to the reviewing court with respect to the contents of the administrative record. Requiring the Federal Respondents to assert the deliberative process privilege and to produce a properly drafted privilege log eliminates such unacceptable consequences and safeguards the integrity of the judicial review process in administrative record review cases. Accordingly, this Court should reject the Federal Respondents' invitation to adopt the <u>Blue Ocean</u> rule.

The Federal Respondents also argue that all but one of the cases cited by the State in the Motion to Compel are factually distinguishable because the cases involve application of the deliberative process privilege in the civil litigation discovery context. (Fed. Resp., at 7). They then attempt to distinguish the holding in <u>Center for Biological Diversity v. Norton</u>, 336 F.Supp.2d 1155 (D.N.M. 2004) by arguing that: (1) the court did not hold that a privilege log for materials withheld as deliberative is *per se* required; and (2) the case is factually distinguishable because the documents at issue in <u>Center for Biological Diversity</u> were listed in the index to the administrative record (but not produced), whereas the documents being unilaterally withheld in the case are not listed in the index to the administrative record. (Fed. Resp., at 8).

In <u>Center for Biological Diversity</u>, the United States Fish and Wildlife Service ("Service") withheld 28 documents from the administrative record in an APA record review case based upon a claim of the deliberative process privilege. <u>Ctr. For Biological Diversity</u>, 336 F.Supp.2d at 1151-1152. The Service created a privilege log for the documents. <u>Center for Biological Diversity</u>, 336 F.Supp.2d at 1152 & fns. 2,3. In addressing the merits of a motion to compel, the court in <u>Center for Biological Diversity</u> analyzed whether the deliberative process privilege protected the documents from disclosure in the administrative record. <u>Center for Biological Diversity</u>, 336 F.Supp.2d at 1152-1155. In doing so, the court tacitly confirmed that the proper procedure for withholding allegedly deliberative documents from the administrative record in an APA record review case requires the federal agency to assert the deliberative process privilege for the withheld documents and to produce a legally sufficient privilege log for the documents being withheld.

Finally, the Federal Respondents contend the holding of the court in <u>Blue Ocean</u> on the privilege log issue is consistent with precedent in the Tenth Circuit. (Pl.'s Resp., at 9-10). They point out that the Tenth Circuit panel in <u>Ridenour v. Kaiser-Hill Co.</u>, 397 F.3d 925, 939 (10th Cir. 2005), quoted a case from the District of Columbia Court of Appeals for the proposition that "[a]gency deliberations not part of the record are deemed immaterial" in an APA record review case. (Fed. Resp., at 10, quoting <u>In re Subpoena Duces Tecum</u>, 156 F.3d 1279, 1279-1280 (D.C. Cir. 1998). In making this argument, the Federal Respondents imply that the reasoning of the

3

court in <u>Blue Ocean</u> with respect to the privilege log issue is a logical extension of existing Tenth Circuit precedent.  They are wrong.

In <u>Ridenour</u>, the Tenth Circuit panel addressed whether the district court abused its discretion when it quashed a subpoena for a deposition of a federal agency employee.  <u>Ridenour</u>, 397 F.3d at 938-939.  The district court had quashed the subpoena based upon the deliberative process privilege.  <u>Ridenour</u>, 397 F.3d at 939.  Immediately after quoting the above-referenced language from <u>In re Subpoena Duces Tecum</u> regarding the immateriality of agency deliberations, the panel in <u>Ridenour</u> affirmed the district court's decision to quash the subpoena, holding that "the district court was correct to apply the deliberative process privilege."  <u>Id.</u>  The holding in <u>Ridenour</u> stands for the proposition that, in the Tenth Circuit, a federal agency must assert the deliberative process privilege to protect deliberative information from disclosure.  Thus, the Federal Respondents' belief that they "need not assert the deliberative process privilege" to justify the omission of deliberative materials from the administrative record in this case is incorrect as a matter of law in the Tenth Circuit.

For the foregoing reasons, and for the reasons set forth in the State's Motion to Compel, the State respectfully requests that this Court order the Federal Respondents to produce a detailed privilege log for all of the documents being withheld based upon the deliberative process privilege.  The State further requests that this Court require the Federal Respondents to produce the privilege log expeditiously so that any issues relating to whether documents are in fact privileged can be resolved before the State's opening brief is due on June 16, 2008.

DATED this 13th day of May, 2008.

ATTORNEY FOR PETITIONER STATE OF WYOMING

   /s/ Jay Jerde
Jay Jerde
Deputy Attorney General
123 State Capitol
Cheyenne, WY  82002
(307) 777-6946   (307) 777-3542  (facsimile)

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2008, I electronically filed the foregoing PETITIONER STATE OF WYOMING'S REPLY TO FEDERAL RESPONDENTS' RESPONSE TO THE STATE'S MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG with the Clerk of Court using the CM/ECF system which will send notification of each filing to the following e-mail addresses and the foregoing document was also served by placing the same in the United States mail, postage prepaid, to the following:

| | |
|---|---|
| Barry A. Weiner | Harriet M. Hageman |
| Luther L. Hajek | Hageman & Brighton |
| Guillermo A. Montero | 222 East 21st Street |
| Assistant Attorney General | Cheyenne, WY |
| U.S. Department of Justice | hhageman@hblawoffice.com |
| P O Box 663 | |
| Washington, D.C. 20044-0663 | William P. Horn |
| Barry.Weiner@usdoj.gov | David E. Lampp |
| Guillermo.Montero@usdoj.gov | Birch Horton Bittner & Cherot, PC |
| Luke.Hajek@usdoj.gov | 1155 Connecticut Ave. NW, Suite 1200 |
| Nicholas Vassallo | Washington, DC 20036 |
| United States Attorney | whorn@dc.bhb.com |
| District of Wyoming | dlampp@dc.bhb.com |
| P O Box 668 | |
| Cheyenne, WY 82003 | |
| nick.vassallo@usdoj.gov | |

and I hereby certify that I mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated by the non-e-mail participant's name:

| | | |
|---|---|---|
| Bryan A. Skoric | [ X ] | U. S. Mail |
| James F. Davis | [ ] | Facsimile |
| 1002 Sheridan Avenue | [ ] | Overnight Mail |
| Cody, WY 82414 | [ ] | E-mail |

    /s/ Jay A. Jerde
Wyoming Attorney General's Office

5